IN RE DREWERY.

(Filed June 17, 1902.)

GRANTS—*Entries—Caveators—Protests—Public Lands—The Code, Sec. 2765.*

> A person who claims title to an interest in land covered by an entry made under The Code, Sec. 2765, may file his protest against the issuance of a warrant of survey thereon.

PETITION to rehear this case, reported in 129 N. C., 457, is granted.

*S. J. Erwin,* and *J. T. Perkins,* for petitioner.
*Avery & Erwin,* in opposition.

MONTGOMERY, J. This case, decided at August Term, 1901, and reported in 129 N. C., 467, is before us again on a petition to rehear. The alleged error of law complained of by the petitioner is that the Court construed that part of Section 2765 of The Code relating to caveats in the matter of land entries to be a mere reference to the old statutes of 1777 and 1779, now passed into disuse, instead of being a substantial law connected with the subject of land grants by the State, and intended for present application. After a careful revision of the whole matter, we are convinced that there was error in our former decision.

Upon a review of the statutes of 1777 and 1779, we have found that they referred, first, to such persons as had entered or settled on vacant lands of the State with the intention of becoming proprietors thereof; second, to those persons who had been prevented from obtaining warrants of survey by which their entries might be identified by metes and bounds, or grants for the land so settled upon or entered, on account of the discontinuance of the land offices of the State during the Revolution; and third, that it was for the settlement only of

such disputes as had originated in consequence of the discontinuance of the land offices. Those statutes, in clear terms, were confined to those who had not obtained a legal title to the lands. In addition to that, those statutes were not brought forward in the Revised Code in the chapter (42) on Entries and Grants, and were therefore repealed. Rev. Code, Chap. 121, Sec. 2.

But that part of Section 1765 of The Code to which we have referred, was introduced in The Code at the time of the adoption of The Code, and its provisions, so far as they refer to those who may become caveators, are for the benefit of persons who own the title to the land, or any interest in the same infringed upon by subsequent entries. The language of the new law is very clear, and the purposes for which the same were enacted are equally as clear. It offers a preliminary and safe remedy to landowners who are holding their lands under legal or equitable titles against subsequent entries that might be fraudulent or mistaken. For, in such last-mentioned cases, irreparable damage might be done to the landowner's estate, without the protection of the statute, before an injunction could be procured in a civil action to prevent trespass.

It might be well to mention, as an aid to this construction which we put upon the statute (Code, Sec. 2769), that the same was repealed by Chapter 132 of the Acts of 1885, but that the repealing act itself was repealed by Chapter 70 of the Acts of 1889, and the section is in full force to-day, except as to Lincoln and Macon counties.

As there was error in the former decision of the case, it is remanded to the Superior Court of Burke County to be proceeded with according to law.

Petition Allowed. Case Remanded.